UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN J. STEBBINS,<br><br>    Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK<br>MELLON TRUST COMPANY, N.A., as<br>successor-in-interest to all permitted<br>successors and assigns of JPMorgan<br>Chase Bank as Trustee for Nomura Asset<br>Acceptance Corporation Mortgage Pass<br>Through Certificates, Series 2004-AP2 | C.A. No. 17-40150-TSH |

## MEMORANDUM AND ORDER ON DEFENDANTS MOTION TO DISMISS (Doc. No. 12)

**September 4, 2018**

**HILLMAN, D.J.**

Susan Stebbins ("Plaintiff") brings this action against the Bank of New York Mellon Trust Company, N.A., as successor-in-interest to all permitted successors and assigns of JP Morgan Chase Bank as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates, Series 2004-AP2 ("Defendant") alleging: void foreclosure (Count I); voidable foreclosure (Count II); wrongful foreclosure (Count III) and; trespass (Count IV). The Defendant filed this motion pursuant to Fed. R. Civ. P. 12(b)(6) arguing that the complaint must be dismissed because the Plaintiff lacks standing to challenge the foreclosure and the complaint fails to state a plausible claim for relief.

A third-party couple (the "Eastman's"), whose relationship to the Plaintiff is unknown, purchased property in Boylston, MA (the "Property") in 2003. The Complaint alleges a number

of conveyances between the Eastman's, the Plaintiff, and Roger Stebbins ("Roger"). The first conveyance occurred on March 17, 2004 when the Eastman's conveyed the Property to themselves, the Plaintiff, and Roger, by way of quitclaim deed for consideration of less than $100. On March 22, 2004, the Eastman's executed a promissory note ("Note") in favor of Mortgage Network Inc. ("Mortgage Network") to secure a mortgage on the Property (the "Mortgage"). The Mortgage was granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Mortgage Network. The last conveyance of the Property occurred on March 18, 2010 when Roger and Plaintiff conveyed the Property to Plaintiff by way of quitclaim deed and recorded it in the registry of deeds ("Registry").

On November 25, 2013, MERS, as nominee for Mortgage Network, assigned the Mortgage to Nomura Credit Capital ("NCC")(the "First Assignment") and it was recorded in the Worcester Registry of Deeds (the "Registry") on December 2, 2016.[1] On March 7, 2016, Nomura Credit & Capital, Inc. ("NC&C, Inc.") assigned the Mortgage to the Defendant (the "Second Assignment") and it was recorded in the Registry on March 17, 2016. On July 13, 2017, Defendant mailed Plaintiff a notice of sale to Plaintiff through the care of her attorney.

On August 14, 2017, Defendant entered the Property to foreclose. At the time of the foreclosure Defendant was the holder of the Note.[2] On August 22, 2017, the Defendant executed a foreclosure deed for the Property. On September 22, 2017, the Plaintiff filed a complaint in state court and the Defendant timely removed the action to this Court. The Defendant subsequently filed this motion to dismiss the Complaint.

---

[1] This same assignment occurred again the following day.
[2] The Court relies on the foreclosure deed attached in the Complaint which is integral to the merits of the case and the authenticity of which is not disputed. *See Santiago v. Canon U.S.A.*, 138 F.3d 1, 4 n.5 (1st Cir. 1998).

The main dispute in this case centers on the validity of the First and Second Assignments and whether based on the misnamed entities the Defendant was the record holder of the Mortgage at the time of the foreclosure. The Plaintiff asserts that NCC and NC&C, Inc. are different entities and because there is no showing that NCC assigned its rights to NC&C, Inc., the Defendant is not the record holder of the Mortgage and lacked the authority to foreclose.

## Discussion[3]

The Defendant argues that Plaintiff lacks standing to challenge the foreclosure and I agree. "[U]nder Massachusetts law a mortgagor has standing *only* "to challenge a mortgage assignment as invalid, ineffective or void" but not "to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title."" *Wilson v. HSBC Mortg. Services, Inc.*, 744 F.3d 1, 9 (1st Cir. 2014)(citing *Culhane v. Aurora Loan Servs. Of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013)). "[A] scrivener's error will not invalidate an assignment if there is evidence that the assignment is otherwise valid." *Clockedile*, 189 F. Supp. 3d 312, 315 (D. Mass. 2016) (citing *Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 213 (2014)). In *Clockedile*, this Court found that although the assignment referenced an expired power of attorney, there was a legally valid power of attorney at the time of the assignment granting the defendant proper authority to foreclosure. Therefore, because the assignment was only voidable at the election of one of the parties to the assignment, the plaintiff lacked a "legally cognizable stake" in the error of assignment to assert the claim. *Clockedile*, 189 F. Supp. 3d at 315 (quoting *Bank of New York Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 502 (2014)).

---

[3] The Court notes that the Complaint does not allege any facts but mere allegations insufficient to establish her interest in the Property or an execution of the Note or Mortgage. However, because I find such errors may be corrected if granted leave to amend, I assume the Complaint is sufficient and move on to the analysis regarding the merits of the case.

3

The Plaintiff argues that because there is no evidence that NCC ever assigned its rights to NC&C Inc., there is a gap between the First and Second Assignments and the Defendant was not the record holder of the Mortgage at the time of foreclosure by pointing to *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637 (2011). However, in *Ibanez*, the assignment of the mortgage to the foreclosing parties was not executed or recorded until after the foreclosure. Therefore, the court found that the foreclosing parties lacked legal authority to foreclose at the time of sale because they were not the record holders' of the mortgages. *Ibanez*, 458 Mass. at 651 ("the foreclosing entity must hold the mortgage at the time of the notice and sale in order to accurately identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale"). While not entirely clear from the Complaint or Plaintiff's Opposition, it appears that the Plaintiff is arguing that in the absence of a "written assignment of the mortgage underlying the note, the assignment of the note does not carry with it the assignment of the mortgage." *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 652 (2011).

Here, the Mortgage was assigned, supported by the written document, and recorded prior to the foreclosure. The facts in this case are therefore, distinguishable from the facts in *Ibanez*. Although Plaintiff attempts to phrase her claim as a "present record holder" issue, it is clear that she is in fact attempting to challenge the scrivener's error in the face of the assignment document. This she cannot do.

The Plaintiff's other argument that the foreclosure was void because the Defendant violated M.G.L. c. 244, §14[4] by sending Plaintiff's bankruptcy counsel notice of the foreclosure instead her directly is also insufficient to state a claim. The affidavit of sale attached to the Complaint shows that Defendant complied with the statute and Plaintiff does not allege that she

---

[4] To the extent the Plaintiff alleged a violation of M.G.L. c. 244, §17B, she concedes in her opposition brief that this allegation is misplaced and not relevant to the allegations at bar.

did not receive adequate notice prior to the sale or that she was prejudiced by the manner in which she received it.

For these reasons, the Defendant's Motion to Dismiss (Doc. No. 12) is ***granted***.

**SO ORDERED.**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN
DISTRICT JUDGE**
